Catron, Ch. J.
delivered the opinion of the court.
As between the parties, it is admitted by the argument, the title passed, and that the sale of the slave was valid, by force of the bill of sale, and delivery of possession, *385 without registration, as holden in Cains vs. Marley, (2 Yerg. Rep. 583,) and Davis vs. Mitchell, (5 Yerg. Rep. 287.)
Such has been the construction given' to the act of 1784, ch. 10, sec. 7, with what propriety is 'not at this day open to inquiry; but it is insisted, the construction has not extended beyond dispensing with registration as-between the parties to the contract, withdtit which it is still void as to the creditors of the grantor; -and so is every gift or sale of a slave not in writing, proved and registered. Certainly the statute is most emphatic, “that all sales of slaves shall be in writing, attested by at least one creditable witness, or otherwise shall be deemed invalid: and all bills of sale of negroes, and deeds of gift of any estate of whatever nature, shall, within nine months after the making thereof, be proved in due form and recorded, and if not so done shall be void.”
The act of 1807, ch. 85, requires .two witnesses to attest and prove the deed. Thus stood the register acts, controlling the effect of bills of sale, when that of 1827, ch. 59, was passed, subject to the immediate provisions of which, the bill of sale in controversy was made and registered; and on this construction mainly must this case be rested. It declares, “That, bills of sale thereafter executed, and not registered within twelve months, (1819, ch. 47,) may at any time be registered, .and when ;so . done, shall be good and valid in law, as if registered within'twelve months after their execution: provided, that nothing in the act contained, or such after .registration, shall affect -the rights of creditors.
1. The exception in the proviso of -the .act of 1827, refers to the creditors of the grantor. Pearce vs. Turner, (5 Cranch. Rep. 154:) Morgan vs. Elam, (4 Yerg. Rep. 375:) Washington’s lessee v. Trousdale, (Mart. & Yerg. Rep. 388:)
2. The act of 1827, does not expressly repeal any previous register act, but gives effect to deeds from the *386 date of their execution, as between the parties, if registered after the time prescribed by law. The law referred' to, and intended partially to be altered by the legislature, was that of 1819, ch. 47, which provided, “that deeds' and instruments required by law to be registered, should be registered within twelve months from the execution thereof, when they should be valid and take effect as to parties, and as to creditors and purchasers from their execution; but if not registered within the prescribed time, then they might be registered at any time, after the expiration of twelve months, in which case, such deed or' other instrument, should only operate and take effect from the time when registered.
This statute made no exception; the deed, as between the parties, took date from the time of registration, if after the expiration of the year: and an ejectment brought could not be sustained by the relation of the deed, if registered after the suit commenced, and after the year had expired. So this court held in the case of Hay’s lessee vs. M’Guire, et al., and this die act of 1827 altered: but creditors are excepted from the provisions of the statute; as to their rights the act of 1819, ch. 47, is in full force, and furnishes the governing rule: when then did the bill of sale from John to William Douglass take effect, as against the execution creditors of John? It was executed the 24th of November, 1828, and registered the 6th of December, 1830, more than two years after its execution, and four days after the creditor had levied his execution upon the slave; it operated and took effect as if executed on the 6th of December, 1830, when the creditors’ lien was fixed by the levy, and the special property and legal title in the officer, which he conveyed to the. defendants.
The true construction of the act of 1819, ch.. 47, was settled in the important and litigated case of Washington’s lessee vs. Trousdale and the Banks, (Mart. & Yerg. Rep. 391,) which is followed in this case. We *387 therefore aeree with the circuit judge, that the bill of sale was the best evidence of title, and as against the creditors of John Douglass, under whom the defendants claim, that it is void; and the judgment below must be' affirmed.
Judgment affirmed